# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-14-LRR |
| vs. | **ORDER** |
| TERRY ROBBINS, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Terry Robbins's Amended Objections (docket no. 55) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 38), which recommends that the undersigned deny Defendant's Motion to Suppress ("Motion") (docket no. 25).

## *II. PROCEDURAL HISTORY*

On February 8, 2011, a grand jury returned a Superseding Indictment (docket no. 19) against Defendant. The Superseding Indictment charges Defendant with manufacture and attempt to manufacture marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(B). The Superseding Indictment also contains a forfeiture allegation. On February 24, 2011, Defendant filed the Motion. On March 2, 2011, the government filed a Resistance (docket no. 31). On March 29, 2011, Judge Scoles held a hearing ("Hearing") on the Motion. Assistant United States Attorney Daniel C. Tvedt represented the government. Attorney Mark Meyer represented Defendant who was personally present.

On April 5, 2011, Judge Scoles filed the Report and Recommendation. On April 19, 2011, Defendant filed his Objections (docket no. 45). On May 6, 2011, Defendant filed his Amended Objections.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 59(b)(3) (stating a district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the Report and Recommendation de novo.

## IV. OBJECTIONS

Defendant objects to Judge Scoles's findings of fact and conclusions of law. The court first addresses Defendant's factual objections.

### A. Findings of Fact

Defendant lodges several objections to Judge Scoles findings of fact. First, Defendant argues that the Report and Recommendation should have discussed and considered his expert witness Paul Linnee's testimony related to emergency communications. Second, Defendant contends Judge Scoles erred in finding that the breezeway gate was open when officers approached Defendant's residence. Third, Defendant contends that the officers' testimony regarding smelling marijuana at the front door is "contrary to the facts in evidence." Objections at 8. Fourth, Defendant objects to the Judge Scoles's conclusion that 960 60th Avenue does not exist. Last, Defendant

2

argues that Judge Scoles "downplays" the significance of his witness's testimony that many 911 calls are pranks or errors. The court overrules these objections.

First, the information related to emergency communications is largely irrelevant. The Eighth Circuit Court of Appeals has repeatedly held that "without a warrant, a [law enforcement officer] may enter [a] property through its *open gate* and proceed up the driveway to the front door of the main residence to ask for consent to search inside any part of the residence." *Nikolas v. City of Omaha*, 605 F.3d 539, 545-46 (8th Cir. 2010) (emphasis added) (citing *United States v. Lakoskey*, 462 F.3d 965, 973 (8th Cir. 2006); *United States v. Weston*, 443 F.3d 661, 667 (8th Cir. 2006)). Accordingly, to resolve the Objections and the Motion, the court need not consider why and how the officers arrived at Defendant's property.

Second, the court agrees with Judge Scoles that Officer Jeff Holst's testimony regarding the open gate is credible. Officer Holst testified unequivocally that the gate was open. The court further agrees that Officer Casey Hoeger would have remembered had Holst opened the gate. The pictures of the property bolster this conclusion. Opening a gate this large would have been an involved process.

Third, the court declines to modify any factual findings in the Report and Recommendation regarding the location from which the officers smelled the odor of dried marijuana. Officer Holst testified that he smelled dried marijuana from the front door of the residence. The mere fact that the marijuana was found on a different level of the house does not render this testimony incredible.

Fourth, the court finds it need not resolve any objections related to whether the address in question exists. Again, to resolve the issues of law in this case, the court need not consider why the officers arrived at the property in question. The crucial inquiry is whether the officers violated the Fourth Amendment when they passed through the open

gate to the doors of the residence. The background related to the 911 call and the address is irrelevant to this question.

Last, the court declines to supplement Judge Scoles's findings of fact with additional information related to Linnee's testimony. After de novo review, the court finds Judge Scoles's findings of fact sufficient to resolve the issues of law.

## *B. Conclusions of Law*

Defendant argues that Judge Scoles erred in concluding that the officers did not violate the Fourth Amendment when they walked through the open gate to the front door of the house. Defendant also objects to Judge Scoles's conclusion that even if officers violated the Fourth Amendment, their conduct fell within the emergency aid exception and thus the evidence found in the residence is not subject to exclusion. Because the court finds that the Fourth Amendment was not violated when the officers passed through the open gate to the front door, it need not address Defendant's second objection.

"[T]he Fourth Amendment protects the curtilage of a house[.]" *United States v. Dunn*, 480 U.S. 294, 300 (1987). "[T]he extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself." *Id*. The Supreme Court has articulated four factors relevant to whether a particular area should be considered within the curtilage:

> the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by.

*Id*. at 301.

After balancing these four factors, the court finds that the area in question was not within the curtilage. Additionally, even if the area was within the curtilage, "[l]aw enforcement officers may encroach upon the curtilage of a home for the purpose of asking questions of the occupants." *United States v. Hammet*, 236 F.3d 1054, 1059 (9th Cir.

4

2001). Here, the officers were approaching the home to ask if a 911 call had been made from the home. Accordingly, the court adopts Judge Scoles's conclusion that "the officers were lawfully in the area where they first identified the smell of marijuana thereby leading to the establishment of probable cause for a search warrant." Report and Recommendation at 8.

The court need not reach Defendant's objection to Judge Scoles's conclusion that the emergency aid exception applies. In any event, the court agrees with Judge Scoles's analysis and fully incorporates it here.

### V. CONCLUSION

In light of the foregoing, the court **ORDERS:**

(1) Defendant's Objections (docket no. 55) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 38) is **ADOPTED**;

(3) The Motion (docket no. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA